UNITED STATES DISTRICT COURT
DISTICT OF COLUMBIA

**LORI PANARELLO,**

      **Plaintiff,**

v.                                            **Case No. 17-2013**
                                                **JURY TRIAL DEMANDED**

**RYAN Z. ZINKE, SECRETARY
UNITED STATES DEPARTMENT OF
INTERIOR,**

      **Defendant.**

## COMPLAINT

NOW COMES the Plaintiff, Lori Panarello, by her attorney, Joy Bertrand, to allege this complaint against Ryan Zinke, the Director of United States Department of Interior as follows:

### INTRODUCTION

1. The Plaintiff, Lori Panarello, is a lieutenant with the National Parks Police (NPP).

2. At all times relative to the allegations in this complaint, Ms. Panarello had pending before this Court a complaint alleging sex-based harassment and reprisal, in violation of Title VII of the Civil Rights Act. *Panarello v. Zink*, District of Columbia District Court Number 12CV1966.

3. The Agency retaliated against Ms. Panarello for pursuing that lawsuit by, *inter alia*, terminating her employment.

## PARTIES

4. The Plaintiff, Lori Panarello, presently resides in King George, Virginia.

5. Ryan Zink is the Secretary of the United States Department of the Interior, which oversees the National Parks Police.

6. For all times relevant to the allegations set forth in this Complaint, until her termination, on or about September 9, 2016, Ms. Panarello was assigned to the NPP Anacostia Station in Washington, D.C.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over this matter pursuant to 28 USC § 1331 and 134(a)(4) and 42 USC §§ 2000e-2(a) and 3(a), in that Ms. Panarello's cause of action arises under Title VII, Pub. L. 703 and 704.

8. Venue in this district is proper under 28 USC § 1391(e)(2) and 42 U.S.C. § 2000e-5(f)(3).

## PROCEDURAL STATEMENT OF FACTS

9. Lori Panarello is a Lieutenant with the National Parks Police.

10. Ms. Panarello is a homosexual female.

11.     Between 1999 and the present, Ms. Panarello has been the Plaintiff against the NPP in two lawsuits, alleging violations of Title VII of the Civil Rights Act of 1964.

## I.     Lawsuit 1

12.     In or about 1998, Ms. Panarello, along with several other plaintiffs, filed a lawsuit against NPP and its management officials, alleging that they discriminated and retaliated against her because of her sex and protected EEOC activities.  (*Sabate, et al. v. Babbitt*, District of Columbia Case Number 98CV00929)

13.     The lawsuit alleged sexual harassment-hostile work environment and reprisal.

14.     That lawsuit settled in 2000.

15.     Ms. Panarello named as defendants in that law suit, *inter alia*, the Department of Interior and David Stover.

16.     During and after the *Sabate* lawsuit, David Stover, who is now retired, was involved in the selection process of multiple announced and unannounced command positions for which Ms. Panarello was qualified, but not selected.

## II.     Lawsuit 2

17.     Since 2009 and continuing to her termination Ms. Panarello sustained disparate treatment from the National Parks Police regarding training opportunities and promotions within her agency.

18.     This treatment constituted a discriminatory, hostile work environment for Ms. Panarello in violation of her rights under federal law.

19.     This treatment was disparate from her otherwise similarly situated heterosexual coworkers and those who have not participated in protected EEOC activity.

20.     On April 23, 2010, Ms. Panarello filed her original Equal Employment Opportunity complaint with the National Park Service.

21.     On December 20, 2011, the Agency issued its Report of Investigation.

22.     On January 11, 2012, Ms. Panarello filed her request for appointment of a U.S. Equal Employment Opportunity Commission Administrative Judge, pursuant to 29 C.F.R. 1614.108(g).

23.     On December 7, 2012, Ms. Panarello filed a lawsuit against the Agency, alleging violations of Title VII of the Civil Rights Act of 1964. *Panarello v. Zink*, 12CV1966 ECF Doc. 1.

24.     On May 30, 2017 this Court dismissed the 2012 case on summary judgment.  12CV1966 ECF Docs. 47, 48.

25. On June 22, 2017, Ms. Panarello appealed that decision. 12CV1966 ECF Doc. 49.

26. That appeal is currently pending before the District of Columbia Circuit Court of Appeals. *Panarello v. Zink*, D.C. Cir. Number 17-5148.

## SUPPORTING FACTS

### I. Ms. Panarello's Prior Allegations of Reprisal

27. In Ms. Panarello's prior two lawsuits against NPP, she has alleged a pattern and practice of discriminatory, retaliatory treatment, beginning while the *Sabate* lawsuit still was pending.

28. Those allegations included denial of career-enhancing command assignments, denial of training opportunities, and denial of promotions.

29. Those allegations, in the second lawsuit, included disparate disciplinary action.

30. Specifically, Ms. Panarello alleged in the second lawsuit that the Agency retaliated against her for her protected Title VII activity in the first lawsuit, by pursuing discipline related to a car stop at the Jefferson Memorial.

31. Ms. Panarello, of several NPP employees, was the only employee targeted for discipline from that incident.

## II. The Agency's New Acts of Reprisal, Interfering with Her Retirement and Terminating Her Employment.

32. On February 15, 2015, while off-duty and in her personally-owned vehicle, Ms. Panarello was involved in a traffic stop in Stafford County, Virginia.

33. That traffic stop resulted in a misdemeanor charge of operating a vehicle while intoxicated.

34. On July 22, 2015, Ms. Panarello pled guilty to a misdemeanor DWI charge, in violation of Virginia Code. Sect. 18.2-266.

35. On March 18, 2016, the Agency proposed removal of Ms. Panarello, based on this incident.

36. Ms. Panarello opposed that proposal.

37. Ms. Panarello was represented by Attorney Lawrence Berger in the termination proceedings

38. On September 8, 2016, the Agency issued a Decision on Proposal, terminating Ms. Panarello's employment.

39. In the course of the adverse action proceedings, the Agency informed Mr. Berger that it would drop the termination proceedings if she would dismiss the 2012 lawsuit.

40. Ms. Panarello asked this Court to supplement the summary judgment record with the information about the Agency's termination proceedings in the 2012 lawsuit. 12CV1966 ECF Doc. 44.

41. This Court granted Ms. Panarello's Motion on March 29, 2017. 12CV1966 Minute Order March 29, 2017.

42. Several of Ms. Panarello's heterosexual male colleagues have been involved in alcohol-related incidents on- and off-duty.

43. Those colleagues have not been terminated for those incidents.

44. Several of Ms. Panarello's colleagues, who have not participated in protected EEO activity, have been involved in alcohol-related incidents on- and off-duty.

45. Those colleagues have not been terminated for those incidents.

### III. Ms. Panarello's Exhaustion of Administrative Remedies.

46. On September 29, 2016, Ms. Panarello initiated contact with the NPP EEO Office.

47. Ms. Panarello received the Agency's Notice of Final Interview on October 25, 2016.

48. Ms. Panarello signed her formal complaint on November 11, 2016 and the record lacks verification of either the NOFI receipt date or the date

Ms. Panarello filed her formal complaint, alleging sex-based discrimination and retaliation for participating in protected EEO activity.

49. The Agency issued its final decision on the merits on July 7, 2017, which was delivered to Counsel's address on July 10, 2017.

50. In its decision, the Agency stated, *inter alia*:

> If the Appellant decides to file a civil action and is unable to afford counsel, the Civil Rights Act gives the Court discretionary authority to appoint counsel without payment of fees or costs by the Appellant. The granting or the denial of the request is within the sole discretion of the Court. The request and civil action must be file within 90 days of the date the final decision is received.

(Decision at 29) Ms. Panarello's *in forma pauperis* application accompanies this Complaint.

### PLAINTIFF'S CAUSE OF ACTION AGAINST DEFENDANT FOR INTERFERING WITH PLAINTIFF'S RIGHTS UNDER 42 USC § 2000e

### COUNT ONE
### (SEX-BASED EMPLOYMENT DISCRIMINATION)

51. Ms. Panarello realleges Paragraphs 1 through 50, above, as if fully realleged herein.

52. The Agency discriminated against Ms. Panarello, in violation of Title VII of the Civil Rights Act of 1964, Pub.L. 88-352 § 703, and 29 CFR §§ 1606.1 and 1604.11.

## COUNT TWO
## (RETALIATION FOR PROTECTED EEO ACTIVITY)

53. Ms. Panarello realleges Paragraphs 1 through 50, above, as if fully realleged herein.

54. The Agency retaliated against Ms. Panarello, after she engaged in protected EEO activity, in violation of Title VII of the Civil Rights Act of 1964, Pub.L. 88-352 § 703, and 29 CFR §§ 1606.1.

## DAMAGES

55. Ms. Panarello was damaged by the Agency's violations of the Civil Rights Act of 1964, as amended by 42 U.S.C. 2000e-2(a) and 3(a), Title VII of the Civil Rights Act of 1964, Pub.L. 88-352 § 703, 42 U.S.C. § 12101, *et seq.* inasmuch as:

   a. Ms. Panarello has lost wages, overtime pay, retirement fund contributions, and other benefits as a result of the Agency's refusal to train and promote Ms. Panarello.

   b. Ms. Panarello has sustained pain, suffering, and emotional distress from the Agency's discriminatory and retaliatory conduct.

   c. Therefore, Ms. Panarello asks this court to award her compensatory and pecuniary damages, in an amount to be determined by a jury, plus interest, for the Department of Interior's violation of her rights.

87.     Ms. Panarello had to hire attorneys to handle this matter.  She therefore also seeks recovery of his attorney fees and costs, pursuant to 42 U.S.C 2000e-5.

WHEREFORE, Plaintiff requests this Court to enter a Judgment in her favor, plus interest for: compensatory and pecuniary damages.  She further seeks attorney fees and costs and such other relief as may be just and proper.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**

Respectfully submitted this Tenth day of October, 2017.

s/Joy Bertrand
Joy Bertrand
Attorney for Plaintiff

Joy Bertrand
Joy Bertrand, Esq., LLC
PO Box 2734
Scottsdale, AZ  85252-2734
Phone -- 602-374-5321
Facsimile – 480-361-4694
Email - joyous@mailbag.com

District of Columbia District Court Bar Number AZ0014